**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Allied Waste Industries, Inc.,  ) | No. CV 08-1994-PHX-JAT |
| )  Plaintiff,  ) | **ORDER** |
| )  vs.  ) |  |
| )  United States of America,  ) |  |
| )  Defendant.  ) |  |
| _____ ) |  |

Pending before the Court is Defendant's Motion for Stay (Doc. #20).[1] Defendant asks the Court to stay this case indefinitely pending the outcome of *Browning-Ferris Indus. v. United States*, No. 05-738T (Ct. Fed. Cl.). Although the Court of Federal Claims case and the case pending here involve different tax years, they undisputedly involve the same substantive issue – the treatment of a tax shelter transaction. Defendant therefore argues that in the interests of comity and judicial economy, the Court should not take any action in this case until the Court of Federal Claims determines how to treat the tax shelter at transaction.

---

[1] Although Plaintiff requested oral argument on the Motion, because both the parties submitted memoranda discussing the law and evidence in support of their positions and oral argument would not have aided the Court's decisional process, the Court will not set oral argument. *See e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

1    Defendant argues that Plaintiff[2] originally filed its tax refund suit with the Court of
2 Federal Claims because another taxpayer had recently won a refund suit involving the same
3 type of tax shelter at issue in Plaintiff's case. The Federal Circuit, however, later reversed
4 that decision. Defendant alleges that Plaintiff sought to dismiss the Court of Federal Claims
5 case after that reversal in order to avoid unfavorable binding precedent. Defendant asserts
6 that Plaintiff filed the pending suit with this Court in an effort to possibly gain a more
7 favorable decision.

8    Plaintiff has twice attempted to voluntarily dismiss without prejudice the *Browning-*
9 *Ferris* case. The first time, Plaintiff moved to dismiss on jurisdictional grounds. The trial
10 court agreed with Plaintiff and dismissed the suit. (Declaration of Mr. Hankla, Doc. #21, Ex.
11 B). The Federal Circuit reversed and remanded for further proceedings. (Doc. #21, Ex. C).
12 Most recently, Plaintiff filed a voluntary motion to dismiss pursuant to Federal Rule of Civil
13 Procedure 41. (Doc. #21, Ex. D). Plaintiff planned to voluntarily dismiss its claims
14 regarding the 1997 and 1998 tax years, then move to amend the pleading in this case to
15 include its claims for those two years. The Court of Federal Claims denied Plaintiff's motion
16 for voluntary dismissal without prejudice on March 18, 2009. (Doc. #25, Ex. A).

17    The Court recognizes that it has the inherent authority to stay this case. *Rohan ex rel.*
18 *Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003). The Court further recognizes that,
19 at times, under principles of comity, courts have attempted avoid duplication. *See e.g.*
20 *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982).[3] Finally, the Court
21 acknowledges that Plaintiff has engaged in some serious gamesmenship in choosing the

---

23    [2]The plaintiff in the Court of Federal Claims case was a corporate predecessor of the
24 Plaintiff here. For ease of reference, the Court will collectively refer to the two plaintiffs as
"Plaintiff."

25    [3]Although Plaintiff lost its bid to voluntarily dismiss the *Browning-Ferris* case
26 without prejudice, its pleadings in this case indicate that it intended to dismiss that case
regardless of the ruling on its motion. If Plaintiff does indeed dismiss the *Browning-Ferris*
27 case, then Defendant's concerns regarding duplicative litigation are no longer as relevant.

28

1 venues for its respective lawsuits.

2 Nonetheless, in the interest of case management, the Court cannot allow this action
3 to languish on its docket for the years it could possibly take to finally resolve the *Browning-*
4 *Ferris* case. The Court therefore will not grant a motion to stay all proceedings in this case
5 for an indefinite period of time. The Court's ruling on the Motion to Stay (Doc. #20),
6 however, does not in any way dispose of Defendant's collateral estoppel argument.
7 Defendant may bring the appropriate motion on that issue at the appropriate time. If Plaintiff
8 dismisses the *Browning-Ferris* case with prejudice as it indicated it would in its pleadings,
9 then that time may come sooner rather than later.

10 Accordingly,

11 IT IS ORDERED DENYING Defendant's Motion for Stay (Doc. #20). Defendant
12 shall file its responsive pleading within ten days of the date of this Order.

13 DATED this 14th day of April, 2009.

_____
James A. Teilborg
United States District Judge

- 3 -